```
                    UNITED STATES DISTRICT COURT

                   NORTHERN DISTRICT OF CALIFORNIA


NOVA MEASURING INSTRUMENTS   )
LTD.,                        )
                             )     No. C 05-0986 MMC (BZ)
          Plaintiff(s),      )
                             )     SECOND DISCOVERY ORDER
     v.                      )
                             )
NANOMETRICS, INC.,           )
                             )
          Defendant(s).      )
                             )
_____)
```

Before the court is plaintiff Nova's request to show "Highly-Confidential Attorneys' Eyes Only" documents provided by defendant Nanometrics to its attorney-expert Marina Cunningham. Nova's letter request and Nanometric's opposition are attached. After a telephonic hearing at which both sides were represented by counsel, I find no need for additional argument or briefing.

Federal Rule of Civil Procedure 26(c) allows the court to restrict discovery such that the parties are protected from "undue burden or expense" when disclosing trade secrets "or other confidential research." The court must balance the right of plaintiff to choose its experts and the policy of

1  full disclosure against the risk of inadvertent disclosure of
2  defendant's trade secrets.  <u>Digital Equipment Corp. v. Micro</u>
3  <u>Technology</u>, 142 F.R.D. 488, 492 (D. Colo. July 1,
4  1992)(granting protective order preventing disclosure of
5  plaintiff's confidential materials to defendant's expert
6  because expert's "continuing nexus to an important aspect of
7  [defendant's] business precludes him from being categorized as
8  an 'independent expert'").
9      Ms. Cunningham is a comparatively junior attorney engaged
10 by plaintiff as a consulting expert to conduct an infringement
11 analysis.  She was retained by the client and not by
12 plaintiff's counsel.  She has a relationship with the client
13 well beyond what an expert would ordinarily have.  It also
14 appears that her law firm has previously engaged in
15 re-examination of Nanometric's patent petitions on behalf of
16 Nova.  There is no claim that other than her relationship with
17 Nova, Ms. Cunningham is uniquely qualified to conduct the
18 infringement analysis.  Under all the circumstances, the court
19 concludes that the risk that Ms. Cunningham might
20 inadvertently disclose highly confidential information to Nova
21 outweighs the prejudice to Nova if it is required to engage
22 another consulting expert to conduct the infringement
23 analysis.
24 ///
25 ///
26 ///
27 ///
28 ///

**IT IS THEREFORE ORDERED** that Marina Cunningham shall not have access to the "Highly-Confidential Attorneys' Eyes Only" documents produced by defendant.

Dated: February 27, 2006

_____
Bernard Zimmerman
United States Magistrate Judge

G:\BZALL\-REFS\NOVA MEASURING\DISC2.FIN.ORDER.wpd



**SHEPPARD MULLIN**
SHEPPARD MULLIN RICHTER & HAMPTON LLP
A T T O R N E Y S   A T   L A W

17th Floor | Four Embarcadero Center | San Francisco, CA 94111-4106
415-434-9100 office | 415-434-3947 fax | www.sheppardmullin.com

Writer's Direct Line: 415-774-3282
dschnapf@sheppardmullin.com

February 14, 2006



*Hand Delivered and U.S. Mail*

Hon. Magistrate Judge Bernard Zimmerman
United States District Court
Northern District of California
Courtroom G, 15th Floor
450 Golden Gate Ave.
San Francisco, CA 94102

> Re: *Nova Measuring Instruments Ltd. v. Nanometrics, Inc.*
> Civil Action No. C 05-0986 MMC (BZ)

Dear Judge Zimmerman:

Pursuant to your "Initial Discovery Order" entered in the above action on December 23, 2005, this is to request a telephone conference to address a discovery dispute that has arisen between the parties. Counsel for the parties have met and conferred about the dispute, and their meeting has been transcribed by a court reporter.[1]

This is a patent infringement action brought by plaintiff, Nova Measuring Instruments Ltd. against Nanometrics, Inc. Pursuant to section 7.4 of the Protective Order entered by the Court on January 4, 2006, Nova has requested the right to show "Highly Confidential – Attorneys' Eyes Only" documents to its consulting expert, Ms. Marina Cunningham. Ms. Cunningham is a patent attorney who has been providing litigation assistance, including assistance with a detailed infringement analysis. The infringement analysis now requires that she review Nanometrics' drawings and technical documents which are designated confidential.

Nanometrics has objected to the release of confidential documents to Ms. Cunningham on two grounds. First, as a procedural matter it objects that there has not been strict compliance with the terms of the Protective Order, insofar as Ms. Cunningham has not disclosed "each person or entity … to whom the expert has provided professional services at any time during the preceding five years." Instead, Nanometrics has been informed that Ms. Cunningham has not worked for any of Nanometrics' competitors during the past five years, other than Nova. In addition, Nanometrics has been informed that neither Ms. Cunningham nor anyone else at her firm has performed any patent prosecution work for Nova.

---

[1] Per the directive of the Initial Discovery Order neither the transcript of the "meet and confer" nor any of the prior correspondence between the parties on the issue is attached.

SHEPPARD MULLIN RICHTER & HAMPTON LLP

Hon. Magistrate Judge Bernard Zimmerman
February 14, 2006
Page 2

Nova believes that strict compliance with the language of the Protective Order is unwarranted in the case of a consulting expert who is a partner in a law firm, because it would require the firm to reveal all of its clients. Even if this disclosure requirement were restricted to the clients for which Ms. Cunningham personally provided professional services, such disclosure could require Ms. Cunningham to breach her ethical obligation to maintain client confidences. The clear purpose of the disclosure requirement of section 7.4 of Protective Order is to identify potential conflicts. The information necessary for this purpose has been disclosed to Nanometrics.

Second, Nanometrics substantively objects on the basis that Ms. Cunningham has a pre-existing business relationship with Nova, insofar as she has, in the past, counseled Nova on patent matters. We do not believe that Ms. Cunningham's business relationship with Nova should disqualify her from acting as a consulting expert on its behalf. To hold otherwise would effectively disqualify any law firm from litigating on behalf of a client with whom it has a pre-existing business relationship. While courts have been reluctant to allow *patent prosecution* counsel to have access to confidential documents of a competitor, Ms. Cunningham does not do any patent prosecution work for Nova (or any other competitor of Nanometrics) and so there is no risk that Nanometrics' confidential information will somehow be inadvertently mingled with patent drafting or patent prosecution advice.

Ms. Cunningham is in a unique position to be of assistance to Nova because of her familiarity with the technology involved in this lawsuit. She has read the Protective Order and agreed to be bound by its terms, and, as a lawyer, is fully cognizant of her duty to maintain the confidentiality of Nanometrics' proprietary information. We believe that Nanometrics' objections to the requested disclosure are without merit and, therefore, seek an Order permitting Ms. Cunningham to view documents designated "Highly Confidential" by Nanometrics.

Very truly yours,

David Schnapf

for SHEPPARD MULLIN RICHTER & HAMPTON LLP

W02-SF:5SD\61484873.1

cc: Ron Finley, Esq. – Mount & Stoekler, Counsel for Defendant
Neil Smith, Esq. – Sheppard Mullin, Counsel for Plaintiff
M. Norman Goldberger, Esq. – Wolf Block, Counsel for Plaintiff (*pro hac vice*)

## MOUNT & STOELKER, P.C.
### ATTORNEYS

DANIEL S. MOUNT
JAMES L. STOELKER
SCOTT A. ROSS*
KATHRYN G. MURRAY
ALFREDO A. BISMONTE
RON C. FINLEY

WILLIAM D. SAUERS
  JUSTIN T. BECK
    OF COUNSEL

RIVERPARK TOWER, 17TH FLOOR
333 WEST SAN CARLOS
SAN JOSE, CALIFORNIA 95110-2740
(408) 279-7000
FAX (408) 998-1473

February 16, 2006

ASHLEY X. JIANG†
HANA S. CALLAGHAN
THOMAS E. ROSSMEISSL
DAN H. FINGERMAN
JEREMY M. DUGGAN
BOBBY T. SHIH
CHRISTOPHER C. LEE

†ALSO LICENSED IN THE
PEOPLE'S REPUBLIC OF CHINA

**Via Messenger**

Hon. Magistrate Judge Zimmerman
United States District Court
Northern District of California
Courtroom G, 15th Floor
450 Golden Gate Ave
San Francisco CA 94102

    Re: *Nova Measuring Instruments v. Nanometrics*, No. 3:05-cv-00986 (MMC) (BZ)
        Our File No. NANOM002

Dear Magistrate Judge Zimmerman:

    Nova's letter of February 14, 2006 regarding Marina Cunningham omits many significant facts. Nova and Nanometrics are fierce competitors, and Nova is aggressively pursuing a patent strategy to combat Nanometrics' success in the marketplace. Shockingly, Ms. Cunningham was selected to be a consulting expert not by Nova's litigation counsel, but rather by Nova's management **because of her preexisting business relationship with Nova**.

    As Mr. Schnapf candidly conceded during the meet and confer (at page 5):

```
10        MR. BECK:  Okay.  Well, I quite frankly -- in other
11   words, she was probably selected by Nova and not by
12   counsel to do this work.
13        MR. SCHNAPF:  She has an existing relationship with
14   Nova.
15        MR. BECK:  Exactly.
16        MR. SCHNAPF:  She speaks fluent Russian, which is
17   the native language of a lot of the principals at Nova,
18   and so she has an ongoing and good relationship with
19   them.  They trust her.  They trust her technical
20   expertise.
```

Under these circumstances, the power of the federal courts should not be used to turn over Nanometrics' confidential documents to a Nova patent consultant.

    Nova's statement that "Ms. Cunningham does not do any patent prosecution work for Nova" is not the complete story. Ms. Cunningham's law firm has filed at least three applications for reexamination of Nanometrics patents, presumably on behalf of Nova. Nova refuses to

discuss specifics about Ms. Cunningham's work for Nova beyond this case. We know only that she is a patent attorney who advises Nova on patent matters and has provided opinions to Nova regarding Nanometrics' patents. She may also be involved in broader patent strategy matters such as those applications for reexamination. In any event, granting her access to Nanometrics' most sensitive and confidential business and technical documents would be improper.

Even if Ms. Cunningham's relationship with Nova were limited to opinion work, she could improperly (or even inadvertently) use Nanometrics' confidential information in developing legal strategies for challenging Nanometrics' patents, which are not at issue in this case. Nanometrics' production includes all of the development documents relating to the products in suit, including engineering notebooks that would show dates of conception and reduction to practice of Nanometrics inventions — which would provide a competitive road-map for Nova.

Similarly, there is no reason for a technical expert doing infringement analysis to communicate with Nova's principals. Nor is Ms. Cunningham's fluency in Russian needed to review Nanometrics documents. In short, Ms. Cunningham's "ongoing and good relationship with" Nova's principals is unacceptable for an expert entrusted with Nanometrics confidential documents.

Ms. Cunningham's close relationship with Nova is a particular problem in this case. Nanometrics asserts in this case that Nova has written the claims of the patent in suit specifically to cover the current highly successful Nanometrics products and that Nova refined those claims as it obtained better information about the accused products. Nanometrics also believes that Nova has a continuation of the patent in suit pending in the USPTO. Access to Nanometrics' schematics and other technical data would be invaluable in future refinements of Nova's patent claims.

Finally, the protective order clearly requires that certain information be disclosed to a Producing Party before the Receiving Party may show any "Highly Confidential — Attorneys' Eyes Only" material to an Expert. The parties specifically negotiated those provisions in their stipulation for the protective order. Attorney-experts should not be held to a lesser standard of disclosure. Ms. Cunningham must provide a list of her clients for whom she has personally done work, as well as a list of litigation for which she has provided professional services over the last five years. Such disclosure would not violate the attorney-client privilege.

Sincerely,

Justin T. Beck
Mount & Stoelker, P.C.
Counsel for Defendant Nanometrics, Inc.

Cc: David Schnapf
     Neil A. Smith
     Laura Krabill