UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NOVA MEASURING INSTRUMENTS LTD., <br><br> Plaintiff(s), <br><br> v. <br><br> NANOMETRICS, INC., <br><br> Defendant(s). | No. C 05-0986 MMC (BZ) <br><br> **THIRD DISCOVERY ORDER** |

    Before the court is plaintiff Nova Measuring Instruments' motion to compel defendant Nanometrics' production of documents pursuant to Patent L.R. 3-4.  The parties disagree (1) whether the documents produced must be in their native file format, with original metadata, and (2) whether the documents produced are sufficient to show the operation of each aspect or element of the claims identified in Nova's Patent L.R. 3-1(c) chart.  Based on the papers submitted by both parties, I have decided that there is no need for further argument.  For the following reasons, Nova's motion to compel is **GRANTED.**

1

As to the first issue, Nanometrics offers no reason why the documents should not be produced in their native format. Indeed, part of its opposition is that there is no need for this motion because it has agreed to do so. Opp. Memo. 2:20. Whether it has done so is less clear. So there is no confusion, if it has not already done so, it must produce the documents in their native file format, with original metadata. See In re Verisign, 2004 WL 2445243 at * 1 (N.D. Cal. 2004)(upholding discovery orders requiring production of documents in native format with metadata as not clearly erroneous: "'[t]he electronic version must include metadata as well as be searchable')". See also In re Honeywell International, Inc., 230 F.R.D. 293, 296 (S.D.N.Y. 2003).

As to the second issue, Patent L.R. 3-4(a) requires the party defending a claim of infringement to make available "[s]ource code, specifications, schematics, flow charts, artwork, formulas, or other documentation sufficient to show the operation of any aspects of elements of an Accused Instrumentality identified by the patent claimant in its Patent L.R. 3-1(c) chart." Although not explicitly required by the Patent Local Rules, no good reason exists, and none has been advanced by Nanometrics, for the party opposing an infringement claim not to "separately identify by production number which documents correspond to each category" as is explicitly required by Patent L.R. 3-2 of the party claiming infringement. For disclosure to be "sufficient to show the operation" it must be accompanied by the tools necessary to allow the receiving party to decipher the documents and

2

1  discern which documents refer to which elements or aspects of
2  the accused instrumentalities.  See Cryptography Research,
3  Inc. v. Visa Int'l Serv. Ass'n, 2005 WL 1787421 at * 2 (N.D.
4  Cal. 2005)(quoting Integrated Circuit Systems v. Realtek
5  Semiconductor Co., 308 F.Supp.2d 1106, 1007 (N.D. Cal. 2004)
6  in a dispute regarding Patent L.R. 3-4).

> The patent local rules were adopted by this district in order to give claim charts more "bite."  The rules are designed to require parties to crystallize their theories of the case early in the litigation and to adhere to those theories once they have been disclosed.

11       Nanometrics did not comply with the letter or the spirit
12  of the Patent Local Rules.  The manner in which Nanometrics
13  chose to produce the requested documents left Nova with 36,000
14  apparently unsearchable documents.  Nova contends that it
15  cannot tell how the majority of the documents relate to the
16  infringement claims.  See Schnapf Decl. ¶ 4.  Nanometrics
17  admits that not all of the documents produced relate to the
18  claims.  See Opp. Memo. 3:6-8.  Nanometrics relies on its
19  cover letter to David Schnapf dated January 26, 2006 to argue
20  that it has disclosed the connection between the claims and
21  the documents produced.  In the letter, Nanometrics divides
22  the documents produced, by Bates numbers, into four categories
23  such as "high-level drawings" or "specifications and manuals."
24  See Fingerman Decl., Exh. E.  However, this letter does not
25  correlate the documents produced with the instrumentalities
26  accused, and as such, the letter does not link the documents
27  produced to the claims in Nova's claim chart and does not help
28  Nova crystallize its theories.

1  Accordingly, **IT IS ORDERED** that within fourteen days, defendant Nanometrics shall provide plaintiff Nova Measuring Instruments with the documents specified in Patent L.R. 3-4(a), that such documents shall be produced in their native file format, with original metadata, and that such documents shall be separately identified by Bates numbers to correspond to each aspect or element of each accused instrumentality identified in Nova's Patent L.R. 3-1(c) chart.

Dated: March 3, 2006

_____
Bernard Zimmerman
United States Magistrate Judge

G:\BZALL\-REFS\NOVA MEASURING\DISC3bz.ORDER.wpd

4