IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NOVA MEASUREMENT INSTRUMENTS, LTD.,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>NANOMETRICS, INC.,<br><br>　　　　Defendants<br>　　　　　　　　　　　　　　　　　／ | No. C-05-0986 MMC<br><br>**ORDER DENYING WITHOUT PREJUDICE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT; DENYING AS MOOT PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT; VACATING HEARING** |

　　　　Before the Court is defendant Nanometrics, Inc.'s motion for summary judgment, pursuant to Rule 56 of the Federal Rules of Civil Procedure, filed January 20, 2006. Plaintiff Nova Measuring Instruments Ltd. has filed opposition, to which defendant has replied. Concurrent with the filing of its reply, defendant has filed a Separate Statement Regarding Deferral of Motion for Summary Judgment of Invalidity Under Patent Local Rule 1-2, to which plaintiff has responded. Also before the Court is plaintiff's motion, filed February 17, 2006, to strike defendant's motion for summary judgment for failure to comply with the Patent Local Rules, defendant's opposition thereto, and plaintiff's reply to defendant's opposition.

　　　　Having considered the papers filed in support of and in opposition to the motions, as well as the parties' statements regarding deferral of the motion for summary judgment, the

Court deems the matters suitable for decision on the papers, VACATES the hearing scheduled for March 24, 2006, and rules as follows.

**A.  Motion for Summary Judgment**

U.S. Patent 6,752,689 ("'689 Patent") "relates to wafer polishing apparatus in general and to measuring systems incorporated into such apparatus in particular." See '689 Patent, col. 1, ll. 10-12.  Defendant argues that twenty-four claims in the '689 Patent are, as a matter of law, invalid for failure to satisfy the written description and enablement requirements set forth in 35 U.S.C. § 112, ¶ 1.

"To fulfill the written description requirement, the patent specification must clearly allow persons of ordinary skill in the art to recognize that the inventor invented what is claimed." Gentry Gallery, Inc. v. Berkline Corp., 134 F. 3d 1473, 1479 (Fed. Cir. 1998) (internal alteration, quotation and citation omitted).  "An applicant complies with the written description requirement by describing the invention, with all its claimed limitations." Id. (internal quotation, internal citation and emphasis omitted).  "The enablement requirement of 35 U.S.C. § 112, ¶ 1 requires that the specification adequately discloses to one skilled in the relevant art how to make, or in the case of a process, how to carry out, the claimed invention without undue experimentation." Process Control Corp. v. Hydreclaim Corp., 190 F. 3d 1350, 1358 (Fed. Cir. 1999).

Because the written description inquiry "focuses on a comparison between the specification and the invention referenced by the terms of the claim," see Amgen v. Hoechst Marion Roussel, Inc., 314 F. 3d 1313, 1331-32 (Fed. Cir. 2003) (internal quotation and citation omitted), such inquiry normally begins with a construction of the claims, see id. at 1320, 1334 (determining whether district court correctly construed claims before determining whether district court correctly found inventor satisfied written description requirement).  Similarly, "an enablement inquiry typically begins with a construction of the claims." See AK Steel Corp. v. Sollac and Ugine, 344 F. 3d 1234, 1241 (Fed. Cir. 2003) (determining whether district court correctly construed claims before determining whether district court correctly found claims were not enabled).  Indeed, defendant, in its

1  Supplemental Preliminary Invalidity Contentions, has acknowledged that "claim
2  construction may affect [defendant's] invalidity contentions," (see Schnapf Decl., filed
3  February 17, 2006, Ex. B at 1:4-5), a statement that concisely sets forth the reason for the
4  general rule that claims should be construed before invalidity determinations are made.

5  Nevertheless, although the instant claims have yet to be construed[1], defendant, in
6  essence, argues that the patent does not comport with the written description and
7  enablement requirements because the claim language is very broad, while the specification
8  describes a much narrower invention. In an apparent attempt to avoid the general rule,
9  defendant states it will, for the purposes of the instant motion only, "adopt" plaintiff's
10 proposed claim construction of the claim term "processing machine." (See Def.'s
11 Statement, filed March 10, 2006, at 1:13-15.)[2] Any such construction, however, is not
12 before the Court. Moreover, defendant has given plaintiff notice that it disputes plaintiff's
13 proposed construction of that term for purposes of infringement. (See Pl.'s Response, filed
14 March 14, 2006, at 2:11-16.)

15 "It is axiomatic that claims are construed the same way for both invalidity and
16 infringement." Amgen, 314 F. 3d at 1329. Given that the parties are in disagreement as to
17 the construction of some, if not all, of the relevant terms, and because the Court cannot
18 adopt a particular claim construction for purposes of invalidity only, the Court declines to
19 deviate from the general rule that claims should be construed before a motion seeking a
20 finding of invalidity is entertained. See, e.g., AK Steel Corp., 344 F. 3d at 1241.

21 Accordingly, defendant's motion for summary judgment will be denied, without
22 prejudice to refiling after the Court has issued an order constructing the claims.

23 **B. Motion to Strike**

24 The Patent Local Rules of this district require that a party asserting a claim of
25 invalidity serve Preliminary Invalidity Contentions and include therein "[a]ny grounds of

---

[1] The Court has scheduled a claim construction hearing for August 7, 2006.

[2] Defendant does not offer to adopt, whether for a limited purpose or otherwise, plaintiff's proposed construction of any claim term other than "processing machine."

invalidity based on . . . enablement or written description." See Patent L. R. 3-3.  Plaintiff argues that defendant's Preliminary Invalidity Contentions, as supplemented, do not disclose the specific theories set forth in defendant's motion for summary judgment.  As a sanction for such asserted omission, plaintiff asks the Court to strike defendant's motion for summary judgment.

Because the Court has denied defendant's motion, the motion to strike will be denied as moot.[3]

**CONCLUSION**

For the reasons stated above, defendant's motion for summary judgment and plaintiff's motion to strike defendant's motion are DENIED without prejudice.

**IT IS SO ORDERED.**

Dated: March 23, 2006

MAXINE M. CHESNEY
United States District Judge

---

[3] In the event defendant refiles the instant motion or another motion on grounds of invalidity following issuance of an order construing the claims, plaintiff may refile a motion to strike if plaintiff is of the view that the motion is based on a ground not sufficiently disclosed in defendant's Preliminary Invalidity Contentions.  The Court finds unpersuasive defendant's argument that any such motion to strike should be precluded as untimely.  Until a motion asserting a particular theory of invalidity is filed, plaintiff would have no way of determining whether defendant's Preliminary Invalidity Contentions give sufficient notice of such theory.  Further, to the extent defendant, in its opposition to the motion to strike, includes a request to amend its Supplemental Preliminary Invalidity Contentions, the request is denied without prejudice to defendant's seeking such relief from Magistrate Judge Zimmerman, to whom all discovery disputes have been referred.