UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NOVA MEASURING INSTRUMENTS LTD.,<br><br>  Plaintiff(s),<br><br>  v.<br><br>NANOMETRICS, INC.,<br><br>  Defendant(s). | No. C 05-0986 MMC (BZ)<br><br>**SEVENTH DISCOVERY ORDER DENYING NOVA'S MOTIONS FOR SANCTIONS** |

Plaintiff Nova Measuring Instruments Ltd. ("Nova") moves for monetary and non-monetary sanctions against defendant Nanometrics, Inc. ("Nanometrics") for Nanometrics' alleged failure to comply with Patent Local Rule 3-4(a)[1] and this court's Third Discovery Order.

This dispute has a long and complicated history. In

---

[1] Patent Local Rule 3-4(a) requires Nanometrics to produce "[s]ource code, specifications, schematics, flow charts, artwork, formulas, or other documentation sufficient to show the operation of any aspects or elements of an Accused Instrumentality identified by [Nova] in its Patent L.R. 3-1(c) chart."

1

December 2005, the parties in writing requested assistance with several discovery disputes, one of which involved Nanometrics' alleged failure to comply with Patent Local Rule 3-4(a). After a telephone discovery conference with the court and further meeting and conferring, the parties were still unable to resolve this dispute, despite Nanometrics' production of additional documents which it contended were responsive to Patent Local Rule 3-4(a). On January 24, 2006, Nova moved to compel Nanometrics to produce documents required by Patent Local Rule 3-4(a). The Third Discovery Order [docket # 80] required Nanometrics to produce documents in searchable format and to separately identify by production number which documents corresponded to which category so that Nova could discern which of the produced documents referred to which elements or aspects of the accused instrumentalities identified in Nova's Patent Local Rule 3-1(c) chart. In March 2006 the court denied Nanometrics' motion for reconsideration of the Third Discovery Order [docket # 103], and Judge Chesney denied Nanometrics' objections to the Third Discovery Order [docket # 112].

In response to the Third Discovery Order, Nanometrics produced roughly 80 documents. Still claiming that these documents did not satisfy Patent Local Rule 3-4(a), as well as the Third Discovery Order, on April 6, 2006, Nova filed motions for monetary and non-monetary sanctions against Nanometrics. After voluminous briefing by the parties, the court ordered Nanometrics to provide "a list of documents [Nanometrics] produced which it contends show the operation of

the accused instrumentality identified in Nova's Patent 3-1(c) chart," specifically the beam splitter.[2]  Fifth Disc. Order [docket #131].  In response, Nanometrics listed 26 pages, comprising documents which it had earlier produced.  Nova did not dispute Nanometrics produced these documents but instead argued that because these 26 pages of documents failed to show how the beam splitter relates to the other parts of the accused products, they failed to show how the beam splitter operates and did not comply with Patent Local Rule 3-4(a).  At a June 7, 2006 hearing to discuss this exchange, the court ordered a Rule 30(b)(6) deposition of a person most knowledgeable about the record-keeping policies regarding the beam splitter.  To guide the parties, the court highlighted the following question as central to the inquiry into whether Nanometrics' behavior warranted sanctions:  Were there other existing documents which show the operation of the beam splitter better than the documents already produced?

    Nanometrics produced Dr. Martin Ebert as its 30(b)(6) deponent on July 6, 2006.  Claiming that Dr. Ebert's deposition showed that there were other existing documents, Nova renewed its motions for sanctions and submitted supplemental papers.[3]

---

[2] For ease and simplicity's sake, the court focused on the beam splitter, a device which splits a light beam into two.  Nova contends that there are several other devices for which Nanometrics failed to produce documents but chose the beam splitter at the June 7, 2006 hearing as a representative device for the purposes of its motions.

[3] Nova's sanctions motions are based on the documents Nanometrics produced in response to the Third Discovery Order. Suppl. Motion 6:16-19.

1    Nova claims that Nanometrics still has not produced
2 documents sufficient to show the operation of any of its
3 accused products.  Nova claims that the documents listed by
4 Nanometrics in response to the Fifth Discovery Order are
5 insufficient since only two documents refer to a beam
6 splitter, showing isolated beam splitters supplied by third
7 parties, and no documents show how either of the beam
8 splitters relate to any other part of the accused products or
9 operate in the accused products.  Furthermore, Nova claims
10 that the produced documents are insufficient since Dr. Ebert
11 testified that he could not analyze the documents on their
12 face; he stated that with the right tools he could use the
13 part numbers on the documents to identify the products in
14 which the parts are used.  Suppl. Motion 8:9-9:19.
15    Nova claims Exhibits 116-125 to Dr. Ebert's deposition,
16 which Nanometrics did not produce in response to the Third
17 Discovery Order but were previously produced, better show the
18 operation of the accused products than any documents
19 Nanometrics produced in response to the Third Discovery Order
20 or listed in response to the Fifth Discovery Order.  Suppl.
21 Reply 6:20-7:5.  In particular, Nova's expert highlights
22 Exhibits 123-125 as "contain[ing] substantial information
23 about operation of [non accused products]" which is
24 "pertinent" to the claims of the patent at issue.  Hartsough
25 Decl. ¶¶ 26-28.  In addition, Nova argues that Nanometrics did
26 not produce electronic models in response to the Third
27 Discovery Order, despite Dr. Ebert's testimony that electronic
28 models were helpful in understanding how the beam splitter

4

works, which suggested that they were the best way to understand the structure and operation of the accused products.

Nanometrics submits the declaration of Jeff Young, its Master Scheduler, who was responsible for reviewing and finding documents "which show the function and operation of the aspects and elements of Nanometrics' accused products identified in Nova's Preliminary Infringement Contentions (the 'identified components')." Young Decl. ¶ 2. Mr. Young avers that he is one of the people most familiar with Nanometrics' engineering documents and spent three days locating documents for production. He "identified engineering documents which correspond to the identified components" and which show "one of ordinary skill in the art what components are present in Nanometrics [sic] products and how they work." Id. He further avers that Exhibits 116-125 "are not better than those [he] identified" because they "either do not show the accused products, are not accurate representations, or are not documents one of ordinary skill would use to determine the structure and operation of the accused products." Id. ¶ 4.

Specifically, Mr. Young avers Exhibits 123-125 are not engineering documents and do not show the function and operation of the accused products. According to Mr. Young, Exhibit 124 does not show how a beam splitter works in normal operation,[4] and Exhibit 125 is conceptual in nature and he

---

[4] Mr. Young avers that Exhibit 124 "does not reveal the light-path that would occur through the beamsplitter in the normal operation of the product," and it shows "how to align the beamsplitter during manufacture" using a different

5

1  would not consult it to understand the actual function of the
2  accused products.  Id. ¶¶ 8-10.[5]  Dr. Ebert corroborated this
3  in his deposition.  He testified that Exhibit 123 does not
4  show a depiction of a beam splitter.  Exhibits 124 and 125 are
5  manuals for the NanoOCD 9000, which is not one of the accused
6  products, and Dr. Ebert testified that Exhibit 125 does not
7  show the optical system of the Nanometrics 9000, one of the
8  accused products.

9      As for the electronic models, Nanometrics does not
10 dispute that it did not produce these in response to the Third
11 Discovery Order.  At oral argument, Nanometrics stated that it
12 had produced electronic models as part of its initial
13 production and that Nova had these in electronic format from
14 the beginning of this dispute.  Nanometrics also offered in
15 late June 2006, through its counsel, to create new documents
16 which show the structure and operation of its products and
17 produce these new documents in electronic format so that they
18 could be rotated and viewed in three dimensions.  Finley Decl.

---

product which is "not used in the normal operation of [the beamsplitter]."  Young Decl. ¶ 9.

[5] Nova argues that Nanometrics is required to search and produce more than just engineering documents and should not have limited its production to only the documents it believed best complied with the Patent Local Rules.  Mr. Young explains why Nanometrics thought engineering documents would show better the function and operation of the accused products than conceptual drawings contained in service and training manuals.  Also, Nova concedes that the Patent Local Rules do not require production of all documents which show or might be helpful in showing the operation and structure of the accused products.  Nanometrics' decision in choosing better or more helpful documents rather than producing all documents, most of which do not show the accused products or are not accurate representations, is understandable.

6

1  ¶ 3.  Nanometrics sent samples of such documents for two of
2  the accused products to Nova on June 22, 2006, which were
3  Exhibits 126 and 127 to Dr. Ebert's deposition.  Id.  Dr.
4  Ebert testified that for the beam splitter, he would look at
5  the electronic models to understand how the optical components
6  relate to each other, and that it was the ability to rotate
7  the images in three dimensions that made it much easier to
8  understand how the light would travel through these optical
9  components.  Schnapf Decl., Exh. A. 118:1-17 [docket # 197].
10 Nova rejected Nanometrics' proposal as belated and
11 insufficient and requested such documents in electronic format
12 for each version of the accused products, pointing out that
13 there are more than two accused products and that each accused
14 product might have been modified since the patent in question
15 issued.  Nanometrics rejected Nova's counteroffer since such
16 documents did not exist and would have had to be created.
17 Finley Decl. ¶ 4.
18      Nova concedes for the purposes of its motions, that
19 "Patent Local Rule 3-4(a) does not require production of **all**
20 documents which show the operation and structure of the
21 accused products."  Suppl. Motion 6:1-6 (emphasis in
22 original).  Nor does Nova claim that Patent Local Rule 3-4(a)
23 requires a party to create documents that do not exist.
24 Instead, Nova claims that because it believes some of the
25 documents it received in discovery better describe the
26 operation of the beam splitter than the documents Nanometrics
27 identified in response to the Fifth Discovery Order,
28 Nanometrics should be found to have infringed Nova's patent

and sanctioned attorneys' fees in excess of $11,000.

The court will not comment on the utility of this dispute over the requirements of Patent Local Rule 3-4.  Suffice it to say that having read excerpts of Dr. Ebert's deposition and considered the supplemental papers and arguments, I find that Nova has still not shown that there were other existing documents that better show the operation of the beam splitter such that Nanometrics should be sanctioned for identifying documents which insufficiently described the operation of the accused products in its initial disclosures.[6]  Nanometrics had reason to believe that Exhibits 116-125 to Dr. Ebert's deposition, which Nova found on the hard drive Nanometrics produced in January 2006, were not better than the ones produced in response to the Third Discovery Order.  Nova repeats its arguments that it cannot more specifically point out other documents which better show the operation of the beam splitter since Nanometrics has not produced them.  Nova again states that Nanometrics must have better documents because Nanometrics is a sophisticated technology company whose customers demand detailed records and Dr. Ebert's deposition testimony indicates that Nanometrics has a meticulous system of recordkeeping.  At the hearing on June 7, 2006, however, I cautioned that without more, I would deny Nova's motions for sanctions.  I stated that to impose monetary sanctions against Nanometrics or make findings that could hobble Nanometrics' defense, Nova would have to make a

---

[6] To the extent Nanometrics' initial disclosures were insufficient, that was resolved by the Third Discovery Order.

1 showing to back its conclusions and counter Nanometrics'
2 representations that it had complied with its obligations.
3 Nova has not made the required showing to support its motions.
4     For the foregoing reasons, **IT IS ORDERED** that Nova's
5 motions for sanctions are **DENIED**.
6 Dated: September 7, 2006

                                             /s/ Bernard Zimmerman
                                   Bernard Zimmerman
                            United States Magistrate Judge

G:\BZALL\-REFS\NOVA MEASURING\SANCTIONS.ORDER2.wpd