# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NOVA MEASURING INSTRUMENTS LTD., <br><br> Plaintiff(s), <br><br> v. <br><br> NANOMETRICS INCORPORATED, <br><br> Defendant(s) | Case No. C-05-00986 MMC (BZ) <br><br> **APPOINTMENT OF SPECIAL MASTER** |

After fully reviewing the record of discovery disputes in this action, this Court finds that the appointment of a Special Master for discovery purposes is justified and necessary in view of the type and number of requests for court intervention into the parties' discovery disputes. This Order shall be effective immediately. See Fed. R. Civ. 16(c)(6) & 53.

It is **ORDERED** that William J. McLean, Thoits, Love, Hershberger & McLean, Two Palo Square, Suite 500, 3000 El Camino Real, Palo Alto, CA 94301-1426, (650) 327-4200, is appointed as Special Master to act as a discovery referee, excepting only discovery disputes relating to plaintiff's assertion of possible conflicts by defendant's attorneys.

The Special Master shall have the following authority, which he shall exercise with all reasonable diligence:

1. To control the sequence and timing of discovery and discovery responses; the scope of discovery; and the methods of discovery.

2. To preside over depositions, document production and the like, as he deems necessary.

3. To compel the production of evidence and examine witnesses or parties under oath.

4. To rule on all contested discovery matters, including issues of privilege, work product, and trade secrets.

5. To rule on requests for sanctions, or impose monetary sanctions sua sponte in accordance with the standards set forth in Rules 37, 45 and 53 (c) as appropriate.

6. To determine whether discovery shall be protected under Federal Rule of Civil Procedure 26 (c).

7. To order the parties to make arrangements for proceedings before the Special Master to be recorded, if appropriate, and if necessary transcribed. The Special Master shall determine the appropriate means of recording said proceedings.

8. To require that the parties pay the fees for his services in one of the following manners:

   a. Completely by the party alone who loses a discovery motion;

   b. Completely by one party alone if he determines that said party was disproportionately responsible for creating the discovery dispute.

   c. Equally by both parties if he determines that said party was disproportionately responsible for creating the discovery dispute.

He shall charge no more than $500.00 an hour for his services as Special Master.

9. To establish guidelines for proceeding under this Order. Within five court days of service of any decision by the Special Master, including an assessment of fees, a party may file objection(s) with the Court. Pursuant to the stipulation of the parties, on the objection of any party, the Special Master's findings of fact and rulings on procedural matters will be reviewed for clear error. Pursuant to Rule 53, all objections to conclusions of law will be decided de novo. A party found to have filed a frivolous objection with the Court may be ordered by this Court to pay

the costs, including attorney's fees, incurred in opposing the objection.

The parties shall have no ex parte communication with the Special Master, except (1) with the consent of the parties as necessary to facilitate informal resolution of discovery issues, or (2) as necessary to conduct in camera reviews. A copy of any matter, letter or material submitted to the Special Master shall be served upon the other party. The Special Master may communicate ex parte with the Magistrate Judge and the Court as he deems necessary. The Special Master shall promptly file all formal orders on noticed motions with the Court. Informal orders on procedural matters need not be filed with the Court, but the Master shall preserve all communications of any kind between himself and the parties or the Court until the conclusion of his assignment.

Except as ordered herein, the Special Master shall proceed in accordance with Rule 53.

All unresolved discovery matters within the scope of this appointment now pending shall be reviewed de novo by the Special Master.

Dated: 7 Dec 06

Bernard Zimmerman
United States Magistrate Judge

The parties stipulate to the foregoing:

Dated: December 6, 2006         Beck, Ross, Bismonte & Finley LLP

                                By: _____
                                    Justin T. Beck
                                    Ron C. Finley
                                    Jeremy M. Duggan
                                    Attorneys for Defendant
                                    Nanometrics Incorporated

Dated: December 4, 2006         Sheppard Mullin Richter & Hamilton LLP

                                By: _____
                                    Neil Smith
                                    David Schnapf
                                    Nathaniel Bruno
                                    Attorneys for Plaintiff
                                    Nova Measuring Instruments Ltd.

| | |
|---|---|
| 1 | the costs, including attorney's fees, incurred in opposing the objection. |
| 2 | The parties shall have no ex parte communication with the Special Master, except (1) with the consent of the parties as necessary to facilitate informal resolution of discovery issues, or (2) as necessary to conduct in camera reviews. A copy of any matter, letter or material submitted to the Special Master shall be served upon the other party. The Special Master may communicate ex parte with the Magistrate Judge and the Court as he deems necessary. The Special Master shall promptly file all formal orders on noticed motions with the Court. Informal orders on procedural matters need not be filed with the Court, but the Master shall preserve all communications of any kind between himself and the parties or the Court until the conclusion of his assignment. |

Except as ordered herein, the Special Master shall proceed in accordance with Rule 53.

All unresolved discovery matters within the scope of this appointment now pending shall be reviewed de novo by the Special Master.

Dated:

_____
Bernard Zimmerman
United States Magistrate Judge


The parties stipulate to the foregoing:

Dated: December 4, 2006         Beck, Ross, Bismonte & Finley LLP

                                By: _____
                                Justin T. Beck
                                Ron C. Finley
                                Attorneys for Defendant
                                Nanometrics Incorporated

Dated: December 4, 2006         Sheppard Mullin Richter & Hamilton LLP

                                By: _____
                                Neil Smith
                                David Schnapf
                                Nathaniel Bruno
                                Attorneys for Plaintiff
                                Nova Measuring Instruments Ltd.