UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NOVA MEASURING INSTRUMENTS LTD., <br><br> Plaintiff, <br><br> v. <br><br> NANOMETRICS, INC., <br><br> Defendants. | No.  C 05-0986 MMC (BZ) <br><br> **DISCOVERY REFEREE ORDERS** |

      Magistrate Zimmerman advised me concerning my duties in this matter.  I was advised that discovery was to close imminently and one of my major goals was to, if necessary, speed up the process with informal meetings with counsel based on minimal briefing or no briefing at all.  During the week of January 22, 2007, I received several lists of problematic discovery matters from defendant.  I invited a hearing of counsel by telephone on January 29, 2007.  Appearing for the plaintiff (only lead counsel listed) were Mauricio Flores and Nate Bruno.  Appearing for defendant (lead counsel) were Ron Finley and Craig Hansen.  The hearing lasted for approximately one hour and 45 minutes.  E-mail memoranda were provided to the undersigned by counsel for the defendants.  No opposition to the e-mail (memoranda) was received by the undersigned from counsel for plaintiff.  Accordingly, it was difficult to ascertain exactly what opposition the plaintiff had to as many as 30 discovery requests, other than the effective oral argument by Mr. Flores in behalf of the plaintiff.

198977-003/224829            1

At the conclusion of the hearing, I advised that it would be difficult to make appropriate orders without some further briefing on some of the more difficult discovery problems and asked that counsel submit five page (maximum) letter briefs on the significant issues facing them. Those were received at 12:00 noon on January 30, 2007. A further hearing by telephone was conducted on January 31, 2007 for approximately 45 minutes. There were five separate e-mails from counsel for the defendant that were the subject of the various motions before the undersigned. Each of the following orders will be referenced to the specific e-mail submitted by counsel for the defendant by the date appearing on the referenced e-mail. Accordingly, orders will be issued on e-mails referred to as "Requests 1 through 5".

During the hearings, counsel for plaintiff, Mr. Flores, requested rulings on three oral motions. Orders are issued herein on those motions following the recitation of the orders pertaining to Requests 1 through 5.

Following receipt of the e-mail requests from counsel for the defendant and five page letter briefs from each side, and consideration of the written documents and oral arguments thereon, IT IS ORDERED AS FOLLOWS:

REQUEST ONE. January 10, 2007 e-mail - - Defense Counsel to Plaintiff's Counsel.

    1.    Nova Financial Records. The motion is granted in its entirety. The supplemental production will be made by February 5, 2007 no later than 5:00 p.m.

    2.    Password Protected Files. The motion is granted in its entirety. The supplemental production will be made by February 5, 2007 no later than 5:00 p.m.

    3.    Documents from Nova's U.S. Sales Office. This motion is granted. I am not able to order the production of electronic copies of <u>all</u> e-mail communications from the U.S. Sales Office until I receive some word from Mr. Flores as to the quantity of those documents and the ability of counsel for the plaintiff to do so within the time prescribed - - February 5, 2007 at 5:00 p.m.

    4.    Documents obtained from Clarkson University. A stipulation regarding authenticity of records was submitted to the undersigned and identified as "No. 1". It is ordered that the contents of that stipulation were the agreement of the parties and that plaintiff is obligated

to perform consistent with the stipulation. The words "as well as the date of publication" are ordered deleted from the stipulation (page 2, line 7). Defendant may depose necessary custodians of records to determine dates of publication. It appears that appropriate safeguards have been built into the stipulation as set forth on page 2, lines 8 – 12.

5.   Issue raised in Craig A. Hansen's letter to David Scnhapf. The motion is granted in its entirety. The supplemental production will be made by February 5, 2007 no later than 5:00 p.m. <u>as to bullet points found on page 1</u> of the January 10, 2007 e-mail.

The third bullet point has not been agreed to and the parties are ordered to meet and confer and determine whether or not a further hearing is required on that subject and whether or not subsequent motions will be made.

The last two bullet points under paragraph 5. Defendant's motions are granted. Verified supplemental responses to Request No. 151 for production of documents and a verified supplemental response to Requests Nos. 165 - 168, request for production, are granted.

6.   
- Interrogatory No. 16. There will be no order on this request in that nothing was submitted to the undersigned on that subject.
- Interrogatory No. 17. There will be no order on this request in that nothing was submitted to the undersigned on that subject.
- Interrogatory Nos. 19 and 21. The motion is granted in its entirety. The supplemental response will be made by February 5, 2007 no later than 5:00 p.m.

7.   Nova's Responses to Nanometric's First Set of Requests for Admissions. The motion is granted in its entirety. The supplemental production will be made by February 5, 2007 no later than 5:00 p.m.
- Request for Admissions Nos. 2 – 11, and 13 – 41. The motion is granted in its entirety. The supplemental responses will be made by February 5, 2007 no later than 5:00 p.m.
- Request for Admissions Nos. 49 and 50. The motion is granted in its entirety. The supplemental responses will be made by February 5, 2007 no later than 5:00 p.m.

It is apparent that defendant has been successful in most of the requests for orders. The

orders referred to hereinabove are based substantially on the confirmation of stipulations by defendant which were ignored by the plaintiff. Accordingly, the undersigned was unable to escape the belief that matters were stipulated to or responses would have been made denying the stipulations.

Discovery Issues Raised by Nova.

1.  Rollo Deposition. The undersigned made a tentative order and the parties agreed to a one-day, five hour limited deposition.

2.  The Ben Moshe Deposition. Nothing was provided to me and no order is made.

3.  The Yarussi Deposition. Nothing was provided to me and no order is made.

4.  Nova will be allowed to physically inspect system files at Nanometrics. Counsel shall cooperate in allowing this to happen.

5.  Nanometrics and Nova shall meet and confer with regard to Item 5. Motions can be made if needed thereafter.

6.  Nanometrics is ordered to update its document production to provide documents related to Heidrich.

7.  Nanometrics will provide an opinion of counsel regarding the '689 patent in accordance with the Patent Local Rules.

8.  Counsel are to meet and confer concerning the updating of a privilege log relating to attorney/client communications with Brian Flynn.

9.  Nova will provide Nanometrics with more information concerning potentially missing e-mails from Heaton and Noland.

10. Nanometrics will provide Nova with copies of documents produced by third parties pursuant to subpoenas issued by Nanometrics. Further, Nanometrics will make reasonable efforts to coordinate the scheduling of third party depositions with Nova. A meet and confer is ordered on that subject.

11. Nova will meet and confer with Nanometrics regarding interrogatory responses by Nanometrics that Nova believes require updating.

All of the paragraphs referred to immediately hereinabove, Nos. 1-11, are ordered as set

1  forth therein.

2  REQUEST NO. 2. January 16, 2007 e-mail - - Defendant's Counsel to Plaintiff's Counsel.

- The issues set forth in the request for further responses to Interrogatories 22, 23 and 25 were further briefed in a letter brief received by the undersigned on January 30, 2007 from both plaintiff and defendant. Oral argument was heard on January 29, 2007.

- It is ordered that supplemental answers to the subject interrogatories be given by February 5, 2005 at 5:00 p.m. The objections made by plaintiff to the interrogatories are unmeritorious and the answers given are inadequate. Plaintiff is ordered to supplement the answers to the subject interrogatories with full and complete answers.

REQUEST NO. 3. January 18, 2007 e-mail - - Defense Counsel to Plaintiff's Counsel.

- This is a request for confirmation that Motorola Volume 17 (December 1992) from Motorola Technical Developments was published and available to the public on December 15, 1992. The undersigned received an e-mail from Mr. Flores on January 31, 2007 at 1:03 p.m. confirming that fact. Accordingly, the undersigned adopts the stipulation of the truthfulness of those facts.

REQUEST NO. 4. January 23, 2007 e-mail - - from Defense Counsel to Plaintiff's Counsel. There are eight items that are the subject of this e-mail. Reference will be made to the number set forth in the e-mail from Mr. Hansen.

1. Counsel has stipulated to the submittal of the subject e-mails.

2. Counsel has stipulated to the production of approximately five boxes of records from Nova's U.S. Sales Office and the production thereof.

3. Nova's Supplemental Discovery Responses. It is my understanding that the parties are briefing that issue and that there will be a hearing at 2:00 p.m. on Friday, February 2, 2007 concerning that issue.

4. Password Protected Files. This was covered under Request No. 1 and it has been ordered that the password protected files be produced by February 2, 2007 at 5:00 p.m.

198977-003/224829                                    5

5. Stipulation Regarding Authenticity of Records and Status as Business Records. Plaintiff was ordered to comply with its agreement concerning the documents obtained from Clarkson University as set forth in Request No. 1, Item 4. Please note: there are no orders made with regard to stipulations relating to exhibits to the Van Devender, Bevis, and Panner depositions. The parties are ordered to meet and confer about a possible stipulation relating to said documents.

6. Nova Financial Records. Plaintiff is ordered to comply with the language set forth in Paragraph 6 of Request No. 3.

7. Motorola Publication. See Stipulation and Order hereinabove.

8. Nova's Response to Third Set of Interrogatories. See Order hereinabove.

REQUEST NO. 5. January 25, 2007 e-mail - - Defendant's counsel to Plaintiff's counsel.

1-5. It is believed that stipulations and/or orders have covered each of these items.

6. Levko report: The parties are ordered to meet and confer concerning the Levko report and the matters covered under Paragraph 6 and agree or request orders from the undersigned.

7. Eran Dvir. The parties are ordered to meet and confer concerning the taking of the deposition of Mr. Dvir in California. The deposition shall take place in California before February 20, 2007. Transportation costs of Mr. Dvir (coach class) shall be paid 50% by plaintiff and 50% by defendant.

Plaintiff's counsel made three motions, orally, during the hearing of January 29, 2007.

1. Plaintiff seeks photographs taken by Ron Finley or other defendant representatives of the "accused products". Plaintiff had previously produced photographs of possible evidence in any trial of this action. Plaintiff asked that reciprocal conduct be ordered and that defendant produce the photographs in question. Defendant objects based upon the untimeliness of the request and that no formal motion had been made.

The oral motion of plaintiff is granted.

2. Plaintiff Seeks the Deposition of Nanometric Employees. Reference was made to three employees. One of them has left the company, one is currently scheduled, and one is out of

the country whose name is Zhou. Counsel for defendant stated that Mr. Zhou will not return until after February 14, 2007, which is after the discovery cut-off.

It is ordered that the deposition of Zhou take place no later than February 20, 2007.

3. Counsel for plaintiff wants to inspect the accused products in an unobtrusive manner and photograph them. Plaintiff's counsel noted that an informal request had been submitted late in 2006. Defendant countered by saying there was no formal notice and objects to the inspection.

The request to inspect is granted. The defendant may look at, examine exteriorly and photograph in a non-obtrusive manner. The inspection time is limited to two hours. (It is to be noted that during the presentation to the undersigned on January 29, 2007, plaintiff's counsel stated that he wanted to "see, examine (non-obtrusively) and photograph" the device. In a written stipulation submitted to the undersigned on January 31, 2007, he asked for the right to "inspect and copy, test or sample" the accused product. Further, the stipulation asked for all of those rights and added the words "or any designated object or operation thereof." The order is limited to the rights appearing before the parentheses in this paragraph.)

Dated: February 2, 2007

_____
William J. McLean
Discovery Referee