UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NOVA MEASURING INSTRUMENTS LTD., <br><br> Plaintiff, <br><br> v. <br><br> NANOMETRICS, INC., <br><br> Defendants. | No. C 05-0986 MMC (BZ) <br><br> DISCOVERY REFEREE ORDERS NO. 2 |

On February 1, 2007 and February 2, 2007, counsel for plaintiff and counsel for defendant submitted various requests/motions to be resolved. Lead counsel for plaintiff were Mauricio Flores and Darrin Franklin. Lead counsel for defendant were Ron Finley, Craig Hansen and Justin Beck. Telephonic hearings were heard on the morning of February 2 and the afternoon of February 2, 2007.

Following receipt of letter briefs, e-mail requests from counsel and consideration of interrogatory answers, requests for admissions, and responses to requests for production of documents, and consideration of oral argument thereon, IT IS ORDERED AS FOLLOWS:

### DEFENDANT'S REQUEST FOR A SUPPLEMENTAL ANSWER TO INTERROGATORY NO. 19

Granted. Plaintiff is to supplement its answer to Interrogatory 19 and explain when the Benchmark System was built and when it was offered for sale to Applied Materials.

198977-003/224969                              1

Plaintiff is to further identify the purchase order in connection with the Applied Materials purchase order by Bates number, when the purchase order was sent, whether and in what manner Nova responded and when.

### PLAINTIFF SEEKS AN ORDER THAT SUR-REBUTTAL WITNESSES BE BARRED FROM TESTIMONY AT TRIAL

Granted without prejudice. It is apparent that plaintiff submitted sur-rebuttal witnesses without providing the reports required by court order of Judge Chesney.

This order is granted without prejudice in that it is conceivable that good cause could be shown by either plaintiff or defendant, or both, seeking the need for such a witness. Accordingly, the Discovery Referee defers to the trial court if and when this issue is presented.

### PLAINTIFF SEEKS THREE SETS OF E-MAILS FROM SELIGSON, BARLIZAY & MOORE

Stipulation. "The parties have stipulated that the e-mails relating to these three individuals will be produced by 5:00 p.m. on February 5, 2007. The parties have agreed to a "clawback agreement" to speed production of these documents. If plaintiff produces privileged e-mails in connection with this production and/or work product privileged documents, they will be returned to the plaintiff by the defendant, immediately. No copies shall be maintained by the defendant of such documents. The documents will be produced in the native format and a declaration shall be filed in connection with this production certifying that the e-mails being produced by these three individuals are being produced in their native format and are all of the e-mails from the individuals.

### PLAINTIFF REQUESTS FURTHER ADMISSION TO REQUEST FOR ADMISSION NO. 49

The motion/request is denied. If defendant can come up with more identifying information to ease the plaintiff's burden in discovering exactly what defendant seeks, a further motion can be brought on this subject.

198977-003/224969

2

### PLAINTIFF REQUESTED FURTHER RESPONSES TO REQUESTS FOR ADMISSIONS 2 THROUGH 11 AND 13 THROUGH 41

The ruling on this motion is deferred until adequate documentation can be presented to the discovery referee so that an informed decision can be made.

### PLAINTIFF REQUESTS FURTHER DOCUMENT PRODUCTION

Granted. As to Request for Productions 100 – 108, 111 – 123, 126 – 128, 131 – 133, 136 – 138, 141 – 148, 150 – 164, plaintiff is to provide a privilege log as to privileged documents withheld pursuant to this production request.

### REQUEST FOR PRODUCTION NO. 109 – 110, 124 – 125, 129 – 130, 134 – 135, 139 – 140, 149, 165 – 168

Granted. Nova is to provide a complete answer to this Request for Production of Documents. In its responses, Nova stated that, "… to the best of its knowledge, it is not withholding any non-privileged documents responsive to this request." This is an inadequate answer. The answer should be responsive and state whether or not it has any such documents. Finally, plaintiff suggested that it has withheld privileged documents. If it has done so, it must provide an adequate privilege log.

Dated: February 2, 2007

_____
William J. McLean
Discovery Referee