1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NOVA MEASURING INSTRUMENTS LTD.,<br><br>Plaintiff,<br><br>v.<br><br>NANOMETRICS, INC.,<br><br>Defendants. | No.  C 05-0986 MMC (BZ)<br><br>DISCOVERY REFEREE ORDERS NO. 4 |

    A telephonic hearing was heard on February 12, 2007.  This was a motion for an order requesting further answers to interrogatories 22 and 23 by the defendants.  Counsel for plaintiff was Darrin M. Franklin, counsel for defendant was Ron C. Finley.

    The defendant, in its opening letter brief dated February 9, 2007, requested an order from the Discovery Referee seeking "the Special Master should order Nova further (sic.) supplement its responses to these interrogatories to provide <u>all information</u> that is requested."

    In the closing letter brief submitted by defendant in support of its motion for supplementing answers to interrogatories 22 and 23, defendant sought a preclusion order precluding plaintiff from offering any testimony, documents or other evidence or making any argument, etc., other than those listed by plaintiff in its opposition letter brief dated February 10, 2007.

    Plaintiff opposed the motion to supplement the answers, and asserted through briefing

and oral arguments that it had fully and completely answered the interrogatories and it had no other information that was responsive to give in support of further answers. Moreover, plaintiff asserted that the Discovery Referee had no authority to issue a preclusionary order pursuant to the Federal Rules.

After considering the opening letter brief, the opposition letter brief and the closing letter brief submitted, and oral arguments of Ron C. Finley and Darrin M. Franklin,

IT IS ORDERED AS FOLLOWS:

1. Motion for an order to supplement interrogatories is denied.
2. Motion (not filed) for preclusionary order denied.

In order to assist the trial court and Magistrate Zimmerman, the following is presented. It should be noted that all of the briefing received by the Discovery Referee has occurred while I have been out of the office and in various hotels on vacation. I have had no access to research tools and have been constrained by the lack of access to research facilities. I also have doubts about whether or not, pursuant to Federal Rules of Civil Procedure, Rule 53, I have authority to issue a preclusion order. Nevertheless, I believe there is no need for a preclusion order at this time in light of the fact that plaintiff was, and is, apparently relying completely on the answers it has already given to the two interrogatories, numbers 22 and 23.

The plaintiff, in his opposition letter brief to the undersigned, has stated that it has given full and complete answers to the two interrogatories. It has listed a substantial amount of information related to the requests made by the defendant in interrogatories 22 and 23. Plaintiff stated in its letter brief, page 1, that it has provided "all of the responsive information that it knows." It is difficult for the undersigned to order further answers when the responding party has stated that it has no other information to give.

I suspect that the trial court will be hearing motions *in limine* by the defendant to, effectively, keep the plaintiff "within the box" of its answers given to interrogatories 22 and 23. Further, I suspect that the defendant will be successful in a motion *in limine* in that regard in that the plaintiff has so specifically and conclusively stated that it has nothing more to give in response to the two interrogatories. This Discovery Referee is in no way telling the trial court

what its order should be, instead merely suggesting that the plaintiff should be bound by the answers given and relied upon by it unless and until it is able to convince the trial court that it has received new and different information subsequent to the hearing by the undersigned conducted by telephone on February 12, 2007.

It should also be noted that in the closing letter brief filed by defendant, page 6, the defendant states that plaintiff "... asserts that it has provided full and complete supplemental answers to these interrogatories." Defendant then states since plaintiff is relying on the asserted full and complete supplemental answers, it should not be prejudiced by a preclusionary order. As indicated above, the undersigned is hesitant to grant a preclusion order because the issue of whether or not the authority reposes in the undersigned is unknown. Hopefully, this will be resolved by appropriate motions *in limine* and the issue of whether or not the plaintiff will be bound by the answers given to interrogatories 22 and 23 will be dispositive of the issues raised therein.

Finally, defendant has raised several issues about the answers given by the plaintiff, including cites to deposition testimony and expert reports. While those are not properly before the Discovery Referee, they are, frankly, irrelevant. The reason they are irrelevant is that the plaintiff has stated clearly that "they have no more information to give."

Dated: February 13, 2007

_Eric L. McDermit_ FOR
William J. McLean
Discovery Referee

198977-003/225373

3

**DISCOVERY REFEREE ORDERS NO. 4**