IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NOVA MEASURING INSTRUMENTS LTD., <br><br> Plaintiff <br><br> v. <br><br> NANOMETRICS INCORPORATED, <br><br> Defendant _____/ | No. C-05-0986 MMC <br><br> **ORDER GRANTING DEFENDANT'S MOTION FOR LEAVE TO FILE AMENDED ANSWER TO FIRST AMENDED COMPLAINT AND FIRST AMENDED COUNTERCLAIMS; VACATING HEARING** |

Before the Court is defendant's motion, filed February 7, 2007, for leave to file an Amended Answer to First Amended Complaint and First Amended Counterclaims, pursuant to Rule 15(a) of the Federal Rules of Civil Procedure. Plaintiff has filed opposition, to which defendant has replied. Having considered the papers filed in support of and in opposition to the motion, the Court deems the matter appropriate for submission on the papers, VACATES the hearing scheduled for April 13, 2007, and rules as follows.

Leave to amend "shall be freely given when justice so requires." See Fed. R. Civ. P. 15(a). "[T]his policy is to be applied with extreme liberality." Morongo Band of Mission Indians v. Rose, 893 F. 2d 1074, 1079 (9th Cir. 1990). In considering whether to allow an amendment to a pleading, a district court considers four factors: "bad faith, undue delay, prejudice to the opposing party, and futility of amendment." See DCD Programs, Ltd. v. Leighton, 833 F. 2d 183, 186 (9th Cir. 1987).

In the instant case, defendant seeks leave to amend to add an allegation to its existing counterclaim that U.S. Patent No. 6,752,689 ("'689 Patent") is unenforceable for failure to comply with the duty to disclose information material to patentability, specifically, to add the allegation that plaintiff knowingly failed to disclose U.S. Patent 5,120,966 ("'966 Patent"). Plaintiff does not argue that defendant, in seeking such leave to amend, is acting in bad faith or that the proposed amendment is futile. Rather, plaintiff argues that defendant has unduly delayed seeking leave to amend and that plaintiff would be unduly prejudiced by the proposed amendment. The Court thus considers those two factors.

The Court finds defendant has not unduly delayed in seeking leave to amend. First, defendant did not have a sufficient basis to assert the proposed new counterclaim until after defendant obtained the deposition testimony of Moshe Finarov ("Finarov"); defendant's knowledge of the fact that plaintiff had cited the '966 Patent as prior art when plaintiff prosecuted its application for a different patent, specifically, the patent that issued in 1996 as U.S. Patent 5,517,312 ("'312 Patent"), was not sufficient to provide defendant with grounds to assert a claim that plaintiff acted inequitably by not citing the '966 Patent as prior art when plaintiff later prosecuted the '689 Patent.[1] Second, the relevant period of "delay" is not, as plaintiff alternatively asserts, the 57 days between the date defendant took Finarov's deposition and the date defendant filed the instant motion; rather, the relevant period is the 19 days between the date defendant received Finarov's changed deposition testimony and the date defendant filed the instant motion.[2] The Court does not find, under the circumstance presented herein, a delay of 19 days was "undue."

---

[1] Indeed, the '689 Patent specification does not reference the '312 Patent as relevant prior art and, of the twenty-two prior art references cited in the '312 Patent, only one such reference is cited in the '689 Patent specification. (See Smith Decl., filed March 22, 2007, Exs. B, C.)

[2] Finarov exercised his right to change his deposition testimony within the 30-day period provided pursuant to Rule 30(e). Although it is undisputed that the changes made by Finarov did not revise the testimony on which defendant bases its proposed new counterclaim, defendant could not have known what changes Finarov would make to his testimony, and thus did not engage in dilatory conduct by waiting to receive and review the effect of any such changes.

The Court further finds that plaintiff has not met its burden of showing it would be prejudiced if amendment is allowed.  See DCD Programs, 833 F. 2d at 187 ("The party opposing amendment bears the burden of showing prejudice.")  First, plaintiff has submitted no evidence in support of its assertion that it would be required to engage in third-party discovery.  Second, although plaintiff asserts in its opposition it would have deposed the attorneys who prosecuted the '689 Patent, plaintiff fails to show why it cannot obtain whatever information it needs well in advance of the May 29, 2007 trial date, and without the need for formal discovery, given that such attorneys are, respectively, plaintiff's in-house counsel and outside counsel currently representing plaintiff in other matters.  Indeed, on March 30, 2007, plaintiff filed the declaration of one of its outside counsel, Jay Finkelstein, in support of plaintiff's opposition to defendant's motion for summary judgment on the issue of unenforceability, thus demonstrating plaintiff can readily obtain the cooperation of outside counsel.[3]  Finally, although plaintiff states it lacks time to obtain an expert opinion on the issue of whether the '966 Patent is material to the '689 Patent, plaintiff has been on notice since November 2005 of defendant's contention that "one or more claims" in the '689 Patent is invalid in light of the '966 Patent.  (See Def.'s Preliminary Invalidity Contentions, dated November 20, 2005, at 1:16-18, 2:5.)[4]

Accordingly, there being no undue delay, and plaintiff having failed to establish significant prejudice, defendant's motion for leave to file its proposed amended pleading will be granted.

---

[3]Further, with respect to plaintiff's assertion that would need to depose outside counsel who prosecuted the '312 Patent, and who no longer are associated with plaintiff, plaintiff fails to show why any information obtained thereby is relevant to the issue of whether plaintiff knowingly withheld prior art when prosecuting the '689 Patent years after the '312 Patent had issued.  In any event, and even assuming, arguendo, such former counsel would refuse to voluntarily assist plaintiff, plaintiff may seek from the Discovery Referee leave to conduct limited discovery from such former counsel, if plaintiff establishes to the Discovery Referee's satisfaction that such discovery is likely to lead to relevant and admissible evidence on the issue of inequitable conduct with respect to prosecution of the '689 Patent.

[4]Defendant's Preliminary Invalidity Contentions are Exhibit A to the Declaration of Nathaniel Bruno in Support of Nova's Renewed Motion to Strike Defendant's Motion for Summary Judgment of Invalidity, filed March 30, 2007.

**CONCLUSION**

For the reasons stated above, defendant's motion is hereby GRANTED, and defendant is afforded leave to file, no later than April 16, 2007, its proposed First Amended Answer to First Amended Complaint and First Amended Counterclaims.

**IT IS SO ORDERED.**

Dated: April 10, 2007

MAXINE M. CHESNEY
United States District Judge